**Roxanne Angela ISAACS, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 08–4255–ag.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2009.

**516**

Roxanne Angela Isaacs, Ridgewood, NJ, pro se.

Tony West, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Roxanne Angela Isaacs, a native and citizen of Guyana, seeks review of a July 15, 2008, order of the BIA affirming the April 10, 2008, decision of Immigration Judge ("IJ") Alan L. Page pretermitting her application for asylum and denying her applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Roxanne Angela Isaacs*, No. A042 682 795 (B.I.A. July 15, 2008), *aff'g* No. A042 682 795 (Immig. Ct. N.Y. City Apr. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law

to undisputed fact. *See Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir.2008).

### I. Asylum and Withholding of Removal

■ This Court lacks jurisdiction to review a final order of removal based on an aggravated felony conviction unless the petition raises a constitutional claim or a question of law. *See* 8 U.S.C. § 1252(a)(2)(C)–(D); *Blake v. Gonzales*, 481 F.3d 152, 155–56 (2d Cir.2007).

Even if we were to construe liberally Isaacs's *pro se* argument that she has a well-founded fear to raise a question of law, *see Weixel v. Board of Educ.*, 287 F.3d 138, 146 (2d Cir.2002) (construing *pro se* plaintiff's pleadings so as to raise "the strongest arguments that they suggest" (internal quotation marks omitted)), and even if we found that she had exhausted that argument in her *pro se* appeal to the BIA, *see Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir.2007) (per curiam) ("generously" construing petitioner's *pro se* brief to the BIA), her claims for asylum and withholding of removal fail. The INA provides that an individual who has been convicted of an aggravated felony is ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(ii) & (B)(i). The INA further allows the IJ to deny withholding of removal to an individual who has been convicted of a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B)(ii). The IJ pretermitted Isaacs's asylum application because of her "aggravated felony" conviction and denied her application for withholding of removal because he found that her conviction constituted a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii). In her brief to this Court, Isaacs asserts that she has a well-founded fear of persecution in Guyana based on her membership in the particular social group of lesbians, but she

does not challenge either of these dispositive findings. Accordingly, she cannot succeed on either her asylum or withholding of removal claim. 8 U.S.C. §§ 1158(b)(2)(A)(ii) & (B)(i), 1231(b)(3)(B)(ii).

## II. CAT Relief

█ Likewise construing Isaacs's *pro se* brief broadly to find that her challenge to the IJ's denial of CAT relief raises a question of law, we find that any such challenge fails. *See Weixel,* 287 F.3d at 145–46. We conclude that the IJ did not err in denying Isaacs's application for CAT relief, as she failed to establish a likelihood that she will be tortured in Guyana. *See Savchuck v. Mukasey,* 518 F.3d 119, 123–24 (2d Cir. 2008). As the IJ found, Isaacs may not establish a claim for CAT relief merely by stringing together a series of suppositions to show that it is more likely than not that torture will result where the evidence does not establish that each step in the hypothetical chain of events is more likely than not to happen. *See In re J–F–F–,* 23 I. & N. Dec. 912, 917–18 (AG 2006). Isaacs's CAT claim hinges on a series of suppositions: that people would assume that she is a lesbian because of her appearance; that she would be arrested and detained by the Guyanese authorities because she is a lesbian; and that lesbians are tortured while in prison. However, the record evidence does not establish that each of these steps is likely to occur; thus, Isaacs's CAT claim is too speculative to prevail. *See Savchuck,* 518 F.3d at 123–24; *In re J–F–F–,* 23 I. & N. Dec. at 917–18.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).